NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

JESSICA L. THOMAS,
*Petitioner/Appellant*,

*v.*

NICHOLAS J. KELLY,
*Respondent/Appellee.*

No. 1 CA-CV 19-0020 FC
FILED 9-19-2019

Appeal from the Superior Court in Maricopa County
No. FC2009-070020
The Honorable J. Justin McGuire, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Jessica L. Thomas, AZ
*Petitioner/Appellant*

Nicholas J. Kelly, Cave Creek
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge James B. Morse Jr. joined.

---

**J O H N S E N**, Judge:

**¶1**        Jessica L. Thomas ("Mother") appeals the superior court's order requiring her to reimburse Nicholas J. Kelly ("Father") for his overpayment of child support. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        The parties have a son, born in June 2000. In 2009, Mother petitioned for sole custody and child support. The superior court ordered that the child would live primarily with Mother, granted parenting time to Father, and ordered Father to pay child support of $388.63 per month.

**¶3**        In August 2013, Father petitioned to be the child's primary residential parent. Mother objected and asked for an increase in Father's support obligation. The parties reached an agreement, memorialized by court order, that the child would live primarily with Father beginning in August 2014. Neither the agreement nor the resulting order modified Father's child-support obligation. In a November 2014 order, however, the court reduced Father's child-support obligation to $54.47 as of the prior August. Neither party appealed the November 2014 order.

**¶4**        Father's child-support obligation terminated in 2018 when the child turned 18. In response to a query by Father, Family Support Services notified him that he had overpaid his child-support obligation by $1,467.86. Father petitioned for an order directing Mother to reimburse him that amount, attaching the letter from Family Support Services and an "Arrears Calculation Report" from the Child Support Clearinghouse, dated June 2018, showing the overpayment. Mother opposed Father's petition, raising her prior request for increased support for the period from September 2013 to August 2014. At a brief hearing, Mother argued that the court had never ruled on that request. The court replied that it could not retroactively modify child support and ordered Mother to repay Father the full amount he requested.

**¶5**         Mother timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2019) and -2101(A)(1) (2019).[1]

## DISCUSSION

**¶6**         After child support has terminated, the superior court may order the obligee-parent to reimburse the obligor-parent for an overpayment of child support.  *See* A.R.S. § 25-527(A), (B) (2019).

**¶7**         Mother does not challenge the accuracy of the June 2018 report showing the overpayment.  She argues, however, that (1) the superior court never ruled on the request she made in August 2013 for increased child support, (2) the court should have increased Father's obligation from September 2013 through August 2014, and (3) such an increase would eliminate Father's overpayment.[2]

**¶8**         As noted, in 2014 the court adopted the parties' agreement that Father would become the primary residential parent as of August 2014. That change necessitated a reduction in Father's child-support obligation, which the court ordered in November 2014.  Contrary to Mother's contention, the court's November 2014 order resolved (and rejected) her request for additional support for the prior period when it stated: "[A]ll other prior orders of this Court not modified remain in full force and effect." Mother did not appeal the November 2014 order, and her time to do so expired long ago.  *See* ARCAP 9(a) (party has 30 days from the date of a final order to timely appeal).  For that reason, the superior court's denial of her request was final.  *See Stapley v. Stapley*, 15 Ariz. App. 64, 69, n.3 (1971) (modification orders are final when not timely appealed).

---

[1]         Absent material revision after the relevant date, we cite the current version of a statute or rule.

[2]         Mother does not seek additional child support beyond the amount necessary to completely offset Father's overpayment.

¶9 Further, as the superior court observed at the hearing on Father's request for reimbursement, A.R.S. § 25-503(E) (2019) bars modification of child support for a period "earlier than the date of filing the petition for modification." That statute precluded the court from granting any new request by Mother in 2018 for increased support for the prior period.

**CONCLUSION**

¶10 For the reasons stated, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA